BEASLEY et al. v. BACON.

Under conflicting evidence upon the controlling issue in the case the court should have submitted that issue to the jury, and it was error to direct a verdict.

No. 5741.　JULY 16, 1927.

Injunction and mandamus.　Before Judge Reed.　Tattnall superior court.　October 9, 1926.

*A. S. Way* and *H. H. Elders,* for plaintiffs in error.

*C. L. Cowart, P. M. Anderson,* and *M. Price,* contra.

BECK, P. J.　A statement of the pleadings and issues in this case will be found in the report of the case of *Bacon v. Black,* 162 *Ga.* 222 (133 S. E. 251).　By the decision in that case the judgment of the court below was reversed because of error in ruling upon a demurrer to the answer of the defendants, pleading the rights of the superintendents of election for county officers to investigate the ballots and recount the votes cast in an election of

---

Trial, 38 Cyc. p. 1537, n. 45; p. 1539, n. 46.

sheriff; and it was said, in the course of the opinion: "The duties of the managers or superintendents of election who are required by law to assemble at the court-house and consolidate the vote of the county are purely ministerial. The determination of the judicial question affecting the result in such county elections is confined to the remedy of contest as provided by law. The manner of conducting county elections by the superintendents thereof is prescribed in section 82 of the Civil Code. The powers and duties of the board of consolidating superintendents are prescribed in paragraphs 9, 10, 11, and 12 of the same section. By paragraph 7 of said section it is provided that 'When the votes are all counted out, there must be a certificate, signed by all the superintendents, stating the number of votes each person voted for received; and each list of voters and tally-sheet must have placed thereon the signature of the superintendents.' By paragraph 8 of said section it is provided: 'The superintendents of the precincts must send their certificates, and all other papers of the election, including the ballots, under the seal, to the county-site for consolidation.' By paragraph 9 the consolidating superintendents are required to make and subscribe two certificates, stating the whole number of votes each person received in the county; one of them, together with one list of voters and one tally-sheet from each place of holdir g the election, shall be sealed up and without delay mailed to the Governor; and the other, with like accompaniments, shall be directed to the clerk of the superior court of the county, and by him deposited in his office." It is evident from what is stated here and in the quotations contained from the Code that the formal and completed consolidation of the vote consists in the ascertainment from the face of the returns of the vote cast for the respective counties and a declaration of the result, and after that the issuance of the certificate prescribed in section 82, paragraph 9, of the Code. The mere adding up of the numbers of the votes each person voted for received, set forth in the certificate signed by the superintendents of the precincts, made by some person designated to make the addition, does not amount to a consolidation of the vote; but the result of the computation or addition thus made by one acting in a purely clerical capacity must be accepted and agreed to by the consolidating superintendents or a majority of them, and then the certificate prescribed by law shall be issued.

But the agreement or acceptance of the result ascertained by the person adding the figures must precede the issuance of the certificate; and that acceptance of or agreement to the adding of the numbers is the vital part of the consolidation. It is, in fact, the consolidation, and must take place before the certificate is issued provided for in paragraph 9 of section 82.

In the present case the verdict directed by the court for the petitioner finds that the plaintiff is entitled to the mandamus absolute; and under that verdict and decree by the jury the court decreed that the defendants "make and subscribe two certificates, stating the election of the plaintiff in this case to the office of sheriff," etc. The court should not have directed the verdict in this case for the plaintiff, but should have submitted the issue under a proper charge to the jury. The evidence was conflicting as to whether or not there had actually been a consolidation in the sense in which we have used the word above. For, while there was evidence admitted showing there was a consolidation, one witness, Beasley, testified as follows: "Each man called out his district, and it was taken down by Mr. Rhoden on the adding-machine, and he added it up, and best I remember he announced the result; but the consolidators did not agree with that, it was never made public, and it was not agreed to among themselves as being correct." Another witness, Jones, testified to this effect: "Mr. Rhoden was in there, and I think he tabulated it on the adding-machine, added it up, and I think he announced what the total was after he got through adding it up; but that was never consolidated by the board, and I don't think they agreed that these figures were correct. I did not agree to it." There was other testimony to the same effect. Under the conflicting testimony, the question should have been submitted to the jury, under the charge of the court, as to whether there was a substantial compliance with the law relating to consolidation, which it was necessary for the plaintiff to establish before he was entitled to the mandamus absolute.

*Judgment reversed. All the Justices concur.*